UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No.: 3:00CR227(SRU) |
| | : | |
| EDWARD ESTRADA, *et al.* | : | October 12, 2005 |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The above-named defendant's sentence has been remanded to the district court pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005) and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), for a hearing to determine if the district court would have imposed a non trivially different sentence if the Guidelines had been purely advisory.

In *Crosby*, the Court of Appeals determined that it would remand most pending appeals involving challenges to sentences imposed prior to *Booker* "not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine whether to resentence, now fully informed of the new sentencing regime, and if so, to resentence." *Crosby*, at 117. In this respect, the Court of Appeals explained that a remand would be necessary to learn "whether a sentencing judge would have imposed a materially different sentence, under the circumstances existing at the time of the original sentence, if the judge had discharged his or her obligations under the post-*Booker/Fanfan* regime and counsel had availed themselves of their new opportunities to present relevant considerations." *Id*. "In making that threshold determination, the District Court should obtain the views of counsel, at least in writing . . ." *Id*., at 120. "Upon reaching its decision (with or without a hearing) whether to resentence, the District Court should either place on the record a decision not to resentence, with an

appropriate explanation, or vacate the sentence and, with the defendant present, resentence in conformity with the [Sentencing Reform Act], *Booker/Fanfan*, and this opinion, including an appropriate explanation, *see* § 3553(c)." *Id.*, at 120.

As set forth below, the sentencing transcript reflects that the district court had every intention at the time of sentencing of imposing the lifetime term of imprisonment which it chose. Thus, the need for a resentencing pursuant to *Crosby* is belied by the record. Moreover, in light of the defendant's continuing criminal activity and wholesale lack of remorse, resentencing the defendant to a term of less than lifetime imprisonment would be unreasonable under the circumstances and undermine the sentencing policies embodied in 18 U.S.C. § 3553.

***The Sentencing Transcript Reflects that District Court had Every Intention of Imposing a Lifetime Term of Imprisonment***

A plain reading of the September 9, 2002 sentencing transcript reflects that the district court believed that the Guidelines lifetime term of imprisonment which it imposed was appropriate and would not have imposed a non trivially different sentence if the Guidelines had been purely advisory. The district court found,

> THE COURT: It's time to turn to imposition of sentence, Mr. Estrada.
>
> There are federal statutes that require me to consider any number of factors when deciding upon a sentence. I'm not going to go through each of those for you. I have taken them into account. I spent a good deal of time with your case, gone back and looked at the transcript to remind myself specifically what was testified to at trial. I've thought about each of the issues that we argued about today and *I've thought a good deal about the appropriate sentence in your case.*
>
> It's hard to describe the impact that this drug conspiracy had on the people of Bridgeport, not only as the people who happened to be buyers, but their families, the crime wave that followed in the wake of sales of drugs that were provided for by this organization. It's very lengthy, it's a very lengthy conspiracy, it was a very wide-spread conspiracy and it affected many, many people's lives.

> Obviously it affected all the lives of the defendants who are here in this case but it affected the lives of their families, it affected the lives of very, very many people in Bridgeport, and it didn't affect anyone's life for the better in the end.
>
> *So this a crime for which you've been convicted is a very serious crime, it's one that requires severe punishment and it's telling that we're really disputing whether you should fall into the very highest guideline range or merely the second highest guideline range, so let me just say that this is a crime that calls for as severe punishment as the courts can impose in order to account for what's happened here.*
>
> There is a great need for deterrence as well. There may be young people out there today living as you did, living for he moment, ignoring the impact that their actions are having on others and I feel a very strong need to deter others from engaging in the type of conduct that you and your coconspirators engaged in.

Tr. Sept. 9, 2002, 33-4, emphasis added.

The district court recognized its authority to depart from the Guidelines, but specifically declined to do so, and continued as follows,

> There appears to be a fairly long period of time when you were actively involved in this organization at a high level, handing out large quantities of drugs, receiving large amounts of cash proceeds from the sale of those drugs, without any apparent inability to function within that organization. At least at that time for the reason I'm going to decline to depart downward in your case and impose the following sentence:
>
> A period of life imprisonment. I am waiving a fine in light an inability to pay a fine. And 100-dollar, special assessment.

Tr. Sept. 9, 2002, 35-6.

Based upon the foregoing, it is apparent that the district court carefully considered whether the lifetime term of imprisonment prescribed by the Guidelines was appropriate and determined that it was. The sentencing transcript betrays no equivocation or reservations about the appropriateness of a lifetime term of imprisonment. Rather, the sentencing court's comments reflect that lifetime imprisonment was appropriate in light of the damage which the defendant's conduct imposed on the community and the need for specific and general deterrence. Thus,

because the sentencing transcript indicates that the district court had no intention of imposing a non trivially different sentence if the Guidelines had been purely advisory, in the government's view, it would constitute error and a deviation from the clear dictates of *Crosby* for the district court to disturb the sentence originally imposed.  Moreover, resentencing the defendant to a lesser term of imprisonment would undermine the goals of sentencing embodied in 18 U.S.C. § 3553, and would be wholly inappropriate in light of the defendant's continuing criminal conduct.

***The Defendant Continues to Commit Crimes***

The defendant argues that he should be resentenced to a lesser term of imprisonment for a variety of reasons, most notably, he claims, because he has rehabilitated himself by completing courses while in prison and maintaining a record of good conduct.  The defendant, however, has failed to rehabilitate himself and has continued to commit serious narcotics trafficking offenses while in prison.

The defendant has been imprisoned at the Federal Penitentiary at Lewisburg, Pennsylvania.  In April, 2003, the Bureau of Prisons' Special Investigation Service ("SIS") conducted an investigation into the narcotics trafficking activity of the defendant and former Estrada lieutenant Eddie Mercado, a.k.a. "Tan" who was in the same facility in connection with a conviction for a firearms offense.  The SIS determined that the defendant was involved in a scheme to smuggle heroin into the prison.  Under circumstances reminiscent of the defendant's Connecticut prison scheme to smuggle heroin into prison, it was determined that the defendant had swallowed a balloon full of heroin which he was forced to expel at Lewisburg. Notwithstanding the defendant's clear culpability for that incident, the BOP declined to press charges in light of the fact that the defendant was then serving the lifetime term of imprisonment

imposed by this court. A copy of an FBI report of interview of the SIS investigator regarding Eddie Mercado is appended hereto as Exhibit A. Any incident reports specific to this defendant will be provided to the court upon receipt.

At the time of the defendant's sentencing, he expressed remorse, but claimed that his commission of the offense of conviction was due to his narcotics addiction and his claimed inability to perceive clearly the true nature of his criminal conduct. ("At the time my judgment was cloudy and I was living for the moment.") Tr. Sept. 9, 2002, 28-9. The district court correctly rejected the defendant's belated statement of remorse and specifically found that the defendant was aware of his criminal conduct, "There appears to be a fairly long period of time when you were actively involved in this organization at a high level, handing out large quantities of drugs, receiving large amounts of cash proceeds from the sale of those drugs, without any apparent inability to function within that organization." Tr. Sept. 9, 2002, 36. As set forth above, the defendant's return to criminallity while serving a lifetime term of imprisonment belies his past claim of remorse.

More recently, the defendant was presented with an opportunity to make good on his claim of remorse and ameliorate the impact of his crimes. He rejected that opportunity in favor of committing another crime.

On May 10, 2005, the defendant was produced before a grand jury sitting in New Haven, Connecticut which was investigating the murder of Ada Escalera, a woman who, according to Frank Estrada, was murdered by William Gomez, a.k.a. "Billy the Kid" and Eddie Mercado, a.k.a. "Tan." The Office of the United States Attorney secured statutory immunity and a compulsion order from Senior Judge Peter C. Dorsey compelling the defendant to answer

5

questions about her murder. The defendant refused and was found in contempt by the district court on May 10, 2005, in violation of Title 18, United States Code, Section 401, a felony offense.

Under all of these circumstances, a non Guidelines sentence would be wholly unreasonable.

***The Defendant is Urging the District Court to Commit Error***

The defendant also asserts that the district court may not find a Guidelines imprisonment range of higher than 32 because the jury found and the indictment charged that the offense of conviction involved 1,000 grams or more of heroin. Similarly, counsel argues that the sentencing court may not enhance the defendant's base offense level for any relevant offense characteristics (*i.e.* use of a firearm, use of a minor, leadership). (Defendant's Memorandum in Support of Resentencing Pursuant to Crosby Remand, pp. 4-5.) The defendant relies on the holdings of the Court of Appeals for the Second Circuit in *Crosby* and *United States v. Cordoba-Murgas*, 422 F.3d 65 (2d Cir. 2005), and *United States v. Gonzalez*, 420 F.3d 111 (2d Cir. 2005). These cases do not support the defendant's argument.

First, *Cordoba-Murgas* holds that the narcotics quantity is an element of the offense of conviction and may not be waived by the defendant during a guilty plea. Thus, in the absence of a charging instrument which includes the amount of narcotics involved in the offense of conviction, the statutory maximum would be limited to 20 years pursuant to 21 U.S.C. § 841(B)(1)(c). *Cordoba-Murgas* does not limit the sentencing court's traditional authority to make findings of fact which implicate different Guidelines adjustments within the statutory range. The same is true of *Gonzalez* which holds that in order for a defendant to be exposed to a

higher statutory maximum term of imprisonment, he must admit that amount at the time of his guilty plea. Finally, in *Crosby*, the Court of Appeals specifically found that it would be error for a district court at the time of a *Crosby* resentencing to impose a sentence based solely upon facts proven beyond a reasonable doubt and to decline to make base offense level and enhancement findings pursuant to the Guidelines. *Crosby*, at 115.

***The Defendant's Criminal History Score as Originally Computed, Understates the true extent of his Criminal Involvement***

The defendant also argues that the PSR has mistakenly determined that his two convictions for possession of a weapon in a correctional institution should be treated as violent felony offenses. This is significant, he argues, because the fact that he has two or more violent felony convictions resulted in his being treated as a Career Offender which automatically placed in Criminal History Category VI. Significantly, however, the defendant had 14 criminal history points which also places him in Criminal History Category VI. In short, whether or not the weapons convictions constitute crimes of violence within the meaning of Guidelines Section 4B1.2 had no effect on his ultimate criminal history computation.

More importantly, the defendant's criminal history score, as originally calculated in the PSR, significantly understates the true extent of his criminal involvement. Since going to prison on the instant offense of conviction, the defendant has continued to engage in serious narcotics trafficking activity and has been convicted of Contempt of Court, a felony offense.

In short, the defendant's conduct in the offense of conviction and his criminal history amply support the lifetime term of imprisonment originally imposed by the district court.

## CONCLUSION

The district court should not resentence the defendant. Assuming, for the sake of argument, that the district court were to impose a non-Guidelines sentence, a sentence of less than lifetime imprisonment would be unreasonable.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


ALEX V. HERNANDEZ
SUPERVISORY ASSISTANT U.S. ATTORNEY
FEDERAL BAR NO. CT08345
915 LAFAYETTE BLVD. ROOM 309
BRIDGEPORT, CT 06604
(203) 696-3000
Fed. Bar Number: CT08345



ALINA P. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY

## CERTIFICATE OF SERVICE

_____    This is to certify that on October 12, 2005, a copy of the foregoing was mailed, postage prepaid, to the defendant's attorney of record:

Margaret P. Levy
21 Oak Street
Hartford, CT 06106

Raymond Lopez
Senior U.S. Probation Officer
United States Probation Office
915 Lafayette Boulevard
Bridgeport, CT 06604

                                                Alex Hernandez