UNITED STATES DISTRICT COURT **FILED**

DISTRICT OF CONNECTICUT

2005 OCT 14 P 12: 54

U. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR. NO. 3:00CR227(SRU) |
| VS. | : | |
| EDWARD ESTRADA | : | OCTOBER 14, 2005 |

## MEMORANDUM IN SUPPORT OF MOTION
## TO PRECLUDE SENTENCING MEMORANDUM
## AND SUBMISSION OF INFORMATION

On April 2, 2002, the Defendant was convicted of Count Twelve of the Third Superceding Indictment, possession with intent to distribute heroin in violation of 18 U.S.C. Sections 841 and 846. He was sentenced to life without release on September 9, 2002. His appeal has been pending in the Second Circuit since shortly thereafter. (Docket No. 02-1546-cr(L).

On March 10, 2005, the government filed a motion in the Second Circuit for Severance and Limited Remand. In that motion, the government said, "In light of Booker and Crosby, it is now clear that the district court committed error when it sentenced defendants [Edward] Estrada, DeJesus and Rosario

4

by treating the U.S. Sentencing Guidelines regime as mandatory at sentencing. In order to determine whether such error was plain error for purposes of Fed. R. Crim. 52(b), defendants [Edward] Estrada, DeJesus and Rosario should be remanded to the district court in conformity with this Court's instructions in Crosby, for the limited purposes outlined in that opinion."

After additional proceedings, not relevant here, the Second Circuit issued its Mandate on July 27, 2005, granting the government's motion to remand the appeal of Edward Estrada to the district court to determine whether to resentence him. The "case [was] remanded to the district court for further proceedings in conformity with Crosby." (ATTACHMENT 1)

By Order dated August 22, 2005, the district court, Uunderhill, J. "determined that, had the Sentencing Guidelines been advisory, I would have imposed a non-trivially different sentence on Edward Estrada." (ATTACHMENT 1) The court scheduled re-sentencing for October 14, 2005, and ordered that "The parties shall submit any briefs in aid of re-sentencing on or before September 19, 2005." Id. The

Defendant filed his Memorandum in Support of Re-sentencing Pursuant to <u>Crosby</u> Remand on September 15. 2005. The government filed its Memorandum in Aid of Sentencing on October 12, 2005, and its Submission of Information Relevant to <u>Crosby</u> Remand, on October 13, 2005.

**THE GOVERNMENT SHOULD BE PRECLUDED
FROM USE OF ITS LATE-FILED PAPERS
<u>AND THE CONTENTS THEREOF</u>**

The Defendant has moved to preclude use of the Government's Memorandum in Aid of Sentencing and its Submission of Information Relevant to <u>Crosby</u> Remand, and the contents contained therein, from being used in any manner in the Defendant's re-sentencing hearing.

Rule 45 of the Federal  Rules of Criminal Procedure provides that:

> (1) In general. When an act must be …done within a specified period, the court may on its own extend the time, or for good cause may do so on a party's motion made:
> (A) before the originally prescribed or previously expires; or
> (B) after the time expires if the party failed to act because of excusable neglect.

None of the conditions of Rule 45 have been met. The court has not extended the time for filing briefs in aid of sentencing. The government has not moved for extending the time for filing its brief.

The Defendant has had no reasonable opportunity to respond to the government's late-filed documents. The district court's Order, requiring briefs to be filed on or before September 19, 2005, provided sufficient time for the parties to receive and evaluate the briefs of their opponents and to prepare arguments in response for the October 14 re-sentencing hearing. Information contained in the Submission of Information Relevant to Crosby Remand was available to the government in April, 2003, a full 18 months before it was sprung on the Defendant and his counsel a mere 24 hours before the hearing. It was never made known to the Defendant or his counsel until the fax copy of the government's Submission arrived on October 13, 2005.

Furthermore, much of the material in the government's memorandum is irrelevant to the re-sentencing hearing and should have been stricken even if the Memorandum had been timely filed. Specifically, the material relating to Eddie O.

7

Mercado should be stricken, including hearsay material relating to FBI Agent David G. Dillon's telephone conversations with Investigator Moscarello at USP Lewisberg about Mercado's alleged disciplinary offenses and the "summary of incidents involving inmate Mercado and the disciplinary action received," none of which even mention the Defendant. (Attachment to Government's Memorandum in Aid of Sentencing, 10/12/05, pp. 1,2,3,4)

The government's intentional late-filing is prejudicial to the defendant's right to a fair hearing. It impacts both his Fifth Amendment right to due process and his Sixth Amendment right to effective assistance of counsel. It seeks to impose additional punishment for the behavior for which the Defendant has already been found guilty of contempt and is presently serving a six month sentence.

The government should not be permitted to take advantage of its flaunting the court's Order and blind-siding counsel by being granted any extension of time. The appropriate sanction is to preclude both of these documents, and their contents from being used in any manner in the Defendant's re-sentencing.

### THE COURT HAS DETERMINED THAT HAD THE
### SENTENCING GUIDELINES BEEN ADVISORY, IT WOULD HAVE
### IMPOSED A NON-TRIVIALLY DEFFENT SENTENCE ON EDWARD ESTRADA

The government has chosen to ignore the fact that, in accordance with <u>United States v. Booker</u>, 125 S. Ct. 738 (2005) and <u>United States v. Crosby</u>, 397, F.3d 103 (2d Cir. 2005, the district court has found, in its August 22, 2005, Order (Att. 2) that "had the Sentencing Guidelines been advisory, I would have imposed a non-trivially different sentence on Edward Estrada." Citing to the sentencing transcript of September 9, 2002, as an indication of the Court's intention to impose a life sentence, merely emphasizes that the court intended to impose a sentence in accordance with the then-mandatory Sentencing Guidelines. The world of federal sentencing has changed. What has not changed is the government's attempt to lock the Defendant away forever, regardless of current law.

9

## CONCLUSION

For all of the above reasons the government's late-filed documents and the contents thereof, should be precluded from use at the re-sentencing hearing pursuant to the <u>Crosby</u> Remand.

DEFENDANT, EDWARD ESTRADA

BY *Margaret P. Levy*
MARGARET P. LEVY
Federal Bar No. ct00045
His Attorney
21 Oak Street
Hartford, CT  06106-8001
(860) 525-9119

10

Estra25-Remand02-Preclude

# C E R T I F I C A T I O N

THIS IS TO CERTIFY that the foregoing was mailed, postage prepaid, or hand-delivered, this day to:

Hon. Stephan R. Underhill
915 Lafayette Boulevard
Bridgeport, CT  06604

Alex V. Hernandez
Alina Marquez
Assistant United States Attorneys
915 Lafayette Boulevard
Bridgeport, CT  06604

Edward Estrada
Reg. No. 60392-053
Wyatt Detention Center
950 High Street
Central Falls, RI  02863

MARGARET P. LEVY

11