```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA        :
                                :
                                :
   vs.                          :   3:00CR227(SRU)
                                :
                                :
EDWARD ESTRADA,                 :
a/k/a "Fry""                    :   July 7, 2006
```

**GOVERNMENT'S MOTION TO CORRECT JUDGEMENT AND COMMITMENT**

On April 2, 2002, after a month-long trial Edward Estrada was convicted of conspiring to possess with intent to distribute in excess of 1000 grams of heroin in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and 846. On September 9, 2002, the defendant was sentenced to a lifetime term of imprisonment. On August 23, 2005, upon a *Crosby* remand, this Court granted a resentencing hearing. *See generally*, *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Ultimately, on June 26, 2006, a final hearing was held, and the Court resentenced the defendant to a term of 420 months incarceration to be followed by 10 years supervised release.

At the re-sentencing hearing, the Court stated its reasons for imposing the non-guidelines sentence. On June 27, 2006, a Judgement and Commitment ("J&C") was entered reflecting the Court's imposition of the 420-month sentence. In the J&C, however, the Court failed to memorialize the reasons it had set forth on the record for the imposition of the new sentence.

1

Pursuant to Federal Rules of Criminal Procedure 35 and 36, and Title 18, United States Code, Section 3553(c), the government respectfully requests that the Court correct the error in the J&C and enter a new J&C reflecting its reasons for the imposition of the non-guidelines sentence imposed on June 26, 2006.

Title 18, United States Code, Section 3553(c) provides, in pertinent part:

> The court, at the time of sentencing, shall state in open court the reasons for is imposition of the particular sentence, and, if the sentence – . . .
>
> (2) is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgement and commitment . . .

18 USC 3553(c).

In *United States v. Rattoballi*, Docket No. 05-1562-cr (2d Cir. June 15, 2006), the Second Circuit, citing *Crosby*, recently reminded the district courts of its obligations under Section 3553(c) and held that "[u]nder the statute, the district court also must set forth its reasons 'with specificity in the written order of judgment and commitment.' We reiterate that these obligations are binding on the district courts." *Rattoballi* at 3854-55, *citing United States v. Crosby*, 397 F.3d at 116.

Here, it appears that the Court made a clerical error in omitting the reasons for the sentence from the J&C. The Court had articulated its reasons on the record in open court, but

failed to include those reasons in the J&C.

Thus, pursuant to Federal Rule 36, which provides, in part that "the court may at any time correct a clerical error in a judgment," the government respectfully requests that the Court issue a new J&C memorializing the reasons for its imposition of a non-guidelines sentence as required by 18 U.S.C. 3553(c)(2).

                                Respectfully submitted,

                                KEVIN J. O'CONNOR
                                UNITED STATES ATTORNEY

                                ALINA P. REYNOLDS
                                ASSISTANT UNITED STATES ATTORNEY
                                FEDERAL BAR NO. CT14968
                                UNITED STATES ATTORNEY'S OFFICE
                                915 LAFAYETTE BOULEVARD
                                BRIDGEPORT, CT 06604
                                (203) 696-3000

<u>Certification</u>

This is to certify that a copy of the above and foregoing was sent on this 7TH day of July, 2006, via facsimile and First Class Mail to Margaret Levy, Esq., 21 Oak Street, Hartford, CT 06106-8001, and that a copy was hand delivered to Ray Lopez, Senior United States Probation Officer, Bridgeport, Connecticut.

_____
Alina P. Reynolds